FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 16, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

JON S. VRIELING a/k/a
JON S. VREILING a/k/a
J. SCOTT VRIELING; SPOKANE COUNTY; and GRANT COUNTY,

Defendants.

No. 2:25-cv-00308-RLP

ORDER DENYING THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT JON S. VRIELING

**ECF No. 25**

Before the Court is Plaintiff United States of America's Motion for Default Judgment as to Defendant Jon S. Vrieling. ECF No. 25. The United States requests that the Court grant default judgment against Mr. Vrieling due to his "failure to answer, plead, obtain counsel, or otherwise defend" against the complaint. *Id.* Mr. Vrieling is proceeding pro se.

## BACKGROUND

The United States filed a complaint against Mr. Vrieling to reduce federal tax assessments to judgment, foreclose federal tax liens arising from those assessments on four separate parcels of property, and sell the properties and distribute the proceeds. ECF No. 1. Mr. Vrieling subsequently filed two documents titled "Criminal Information for Void Delegation of Authority and Notice of Liability." ECF Nos. 5, 9. Then, the United States filed a Notice of Intent to Move for Entry of Default Against Mr. Vrieling, ECF No. 19, and later, a Motion for Entry of Default, ECF No. 23. The Clerk issued an Order of Default. ECF No. 24. Mr. Vrieling did not respond to the United States' Notice of Intent to Move for Entry of Default or the Clerk's Order of Default.

## LEGAL STANDARD

To obtain a default judgment, a party must: (1) "file a motion for entry of default and obtain a Clerk's Order of Default," and (2) "file a motion for default judgment." LCivR 55.

### Entry of default

An entry of default is proper when affirmative relief is sought against a party "who has failed to plead or otherwise defend." LCivR 55(a); *see* Fed. R. Civ. P. 55(a). The party seeking an entry of default must provide: (1) notice to the party

against whom default is sought; and (2) a declaration or affidavit supporting the motion for entry of default. LCivR 55(a)(1)–(2).

Default Judgment

After obtaining the Clerk's Order of Default, the moving party may seek a default judgment from the Court. The Court has discretion to decide whether to enter a default judgment. *Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). In deciding whether default judgment is appropriate, the court may consider the "*Eitel*" factors: (1) possibility of prejudice to the plaintiff; (2) merits of the plaintiff's substantive claim; (3) sufficiency of the complaint; (4) sum of money at stake in the action; (5) possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong public policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

When considering the *Eitel* factors, the Court must remember that once the clerk enters default against a party, the well-pleaded allegations of the complaint are taken as true, except for allegations related to damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

ANALYSIS

The United States filed a motion for entry of default and obtained a Clerk's Order of Default as required by Local Civil Rule 55. ECF Nos. 23–24. Now, the

United States requests the Court enter a default judgment against Mr. Vrieling for his failure to answer, plead, obtain counsel, or otherwise defend against the complaint. ECF No. 25. The United States asserts that Mr. Vrieling's filings titled "Criminal Information for Void Delegation of Authority and Notice of Liability," ECF Nos. 5, 9, do not comply with Federal Rule of Civil Procedure 8(b) and do not constitute an answer to the complaint. ECF No. 23. Thus, the United States argues Mr. Vrieling "has failed to plead or otherwise defend." *See* LCivR 55(a); *see* Fed. R. Civ. P. 55(a).

Under Rule 8(b), a party responding to a pleading must: "state in short and plain terms its defenses to each claim asserted against it," and "admit or deny the allegations asserted against it by an opposing party." However, documents filed by pro se parties are "to be liberally construed," and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted).

While Mr. Vrieling's documents do not "state in short and plain terms" his defenses to each claim, Fed. R. Civ. P. 8(b), Mr. Vrieling seemingly denies the allegations asserted against him. ECF Nos. 5, 9. Although difficult to decipher, Mr. Vrieling seemingly asserts the United States lacks authority to bring the claims against him. *Id.* When "liberally construed," *see Erickson*, 551 U.S. at 94, Mr. Vrieling's documents constitute an answer to the complaint.

Default is only proper when a party has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Mr. Vrieling has seemingly attempted to plead and defend against the claims. Thus, default is not warranted.

Additionally, even if Mr. Vrieling's documents are not construed as an answer to the complaint or an attempt "to plead or otherwise defend," default judgment is not warranted because the *Eitel* factors weigh against default judgment.

1. Possibility of prejudice to the plaintiff

Under the first *Eitel* factor, "prejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and quotation marks omitted). The United States asserts default judgment is necessary because 28 U.S.C. § 3201 requires a judgment to collect Mr. Vrieling's unpaid federal tax liabilities, and Mr. Vrieling "will continue to evade his federal income tax obligations." ECF No. 25 at 11. The United States asserts that this case and Mr. Vrieling's criminal convictions for willful failure to file a tax return demonstrate a "long history of flouting . . . federal income tax obligations." *Id.* However, Mr. Vrieling has appeared in this action and filed two documents in response. ECF Nos. 5, 9. In this proceeding, there is no evidence of obstructive conduct or willful disregard of court orders such that resolution on the merits seems impossible.

Although the United States requires a judgment to recover the tax liabilities, a judgment on the merits still appears possible. Accordingly, this *Eitel* factor weighs against default judgment.

### 2. Merits of the plaintiff's substantive claim and sufficiency of the complaint

The second and third *Eitel* factors are often weighed together. *See Curtis*, 33 F. Supp. 3d at 1211. To warrant default judgment, the allegations in the complaint must be sufficient to state a claim upon which relief can be granted. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

The United States seeks to reduce federal tax assessments to judgment, foreclose federal tax liens arising from those assessments on four separate parcels of property, and sell the properties and distribute the proceeds. ECF No. 1. The United States has sufficiently stated claims upon which relief can be granted pursuant to 26 U.S.C. §§ 7401 and 7403. Therefore, these *Eitel* factors weigh in favor of default judgment.

### 3. Sum of money at stake in the action

The United States alleges a claim of $7,934,503.56 plus interest against Mr. Vrieling for unpaid federal income tax. ECF No. 1. The amount at stake is large and therefore weighs against default judgment. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal.

May 29, 2007) ("Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions.").

### 4. Possibility of a dispute concerning material facts

The possibility of dispute concerning material facts is low because the complaint is well-pleaded, and Mr. Vrieling's documents filed in response do not appear to contest the material facts. Instead, Mr. Vrieling appears to contest the United States' authority over him. ECF Nos. 5, 9. Thus, this *Eitel* factor weighs in favor of default judgment.

### 5. Whether default was due to excusable neglect

"Generally, courts do not find excusable neglect when defendants were properly served with the complaint," and failed to appear. *BMO Bank N.A. v. Raiden, LLC*, 2023 WL 8934854, at *2 (W.D. Wash. Dec. 27, 2023) (citation omitted). However, "negligence, carelessness, and inadvertent mistake" may constitute excusable neglect. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). Here, Mr. Vrieling appeared and filed two documents in response to the complaint. ECF No. 5, 9. While the United States alleges Mr. Vrieling has not "answered" as required by Rule 8, Mr. Vrieling has not simply ignored the action. Thus, even if the Court were to find that Mr. Vrieling's documents did not constitute an "answer" under Rule 8, then the Court would find that Mr. Vrieling's

default may have resulted from negligence, and thus, excusable neglect. Accordingly, this *Eitel* factor weighs against default judgment.

### 6. The strong public policy underlying the Federal Rules of Civil Procedure favoring decision on the merits

Default judgments are disfavored. *Eitel*, 782 F.2d at 1472. "Cases should be decided upon their merits whenever reasonably possible." *Id.* (internal citation omitted). It appears that resolving this case on the merits is possible because Mr. Vrieling has appeared. Therefore, this *Eitel* factor weighs against default judgment.

On balance, the *Eitel* factors weigh against default judgment. Importantly, a judgment on the merits appears possible because Mr. Vrieling has appeared in this case.

## CONCLUSION

The United States has not established that default judgment is warranted. The Court construes Mr. Vrieling's Criminal Information for Void Delegation of Authority and Notice of Liability, ECF Nos. 5, 9, as an answer to the complaint, and default is only proper is the party has failed to plead or defend. Additionally, even if Mr. Vrieling's documents were not construed as an answer, the *Eitel* factors on balance weigh against default judgment.

**Accordingly, IT IS ORDERED:**

1. The United States' Motion for Default Judgment as to Defendant Jon S. Vrieling, **ECF No. 25,** is **DENIED.**

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to Defendant Vrieling and counsel for the United States.

DATED October 16, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE